IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 19, 2015

**STATE OF TENNESSEE v. CHARLES RANKIN ZEMP**

**Appeal from the Criminal Court for Knox County**
**No. 102768     Steven W. Sword, Judge**

_____

**No. E2014-01712-CCA-R3-CD – Filed June 10, 2015**

_____

The Defendant, Charles Rankin Zemp, pled guilty to one count of driving under the influence (DUI), fourth or subsequent offense, a Class E felony, and one count of operating a motor vehicle after being declared a motor vehicle habitual offender (MVHO), a Class E felony. See Tenn. Code Ann. §§ 55-10-401, -402(a)(4), -616. The Defendant was sentenced as a Range III, persistent offender to four years for each count. The trial court ordered the Defendant's sentences to be served consecutively, for a total effective sentence of eight years. In this appeal as of right, the Defendant contends that the trial court abused its discretion in ordering him to serve his sentences consecutively. Discerning no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Mark E. Stephens, District Public Defender; and David Gall, Assistant Public Defender, for the Appellant, Charles Rankin Zemp.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Charme P. Allen, District Attorney General; and Jamie Leanne Carter, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On May 21, 2014, the Defendant pled guilty to one count of DUI, fourth or subsequent offense, and one count of operating a motor vehicle after having been declared a MVHO, with his sentences to be determined by the trial court. The Defendant has failed to include a transcript of the guilty plea submission hearing in the appellate record to provide the factual bases for his pleas.

The warrant for his arrest states that on the afternoon of June 23, 2013, police were contacted by "concerned citizens" who complained that the Defendant was driving "all over the road." The Defendant pulled into a gas station, where officers found him asleep at the wheel. There was an open, half-empty bottle of beer sitting in the cup holder next to the Defendant, and four empty beer cans were in the back seat. The warrant stated that the Defendant "had a strong odor of alcohol on his breath and body, slurred speech, and [was] unsteady on his feet." The Defendant refused to submit to field sobriety tests or a blood draw. After his arrest, four hydrocodone pills were found in the Defendant's pocket. In his application for an alternative sentence, the Defendant stated that he was driving and "about to pass out" when he pulled "into the gas pump and passed out."

At the sentencing hearing, the Defendant's presentence report revealed that the Defendant had five prior felony DUI convictions, six prior felony MVHO convictions, twelve misdemeanor DUI convictions, twenty-six misdemeanor convictions for driving with a revoked license, two misdemeanor assault convictions, two misdemeanor public intoxication convictions, and misdemeanor convictions for criminal impersonation, reckless driving, vandalism, resisting arrest, failure to stop at the scene of an accident involving injury or death, disorderly conduct, passing worthless checks, evading arrest, and criminal trespass. The Defendant also had violated release on parole or probation on at least two prior occasions. When arrested, the Defendant was wanted in Florida and Arkansas on DUI charges in those states.

The Defendant presented no evidence at the sentencing hearing but told the trial court that he believed "that there's something else going on there that's making [him] want to drink, some kind of psychosis or something that's making [him] want to drink so damn much." Defense counsel argued that the Defendant should receive the minimum sentences and be released on alternative sentences because none of the Defendant's arrests "involved wrecks, people injured, anything along those lines" and because the Defendant was "a very careful drunk driver."

The trial court sentenced the Defendant to the minimum in each count and denied his request for alternative sentencing.[1] The trial court ordered the Defendant's sentences to be served consecutively, finding that the Defendant was an offender with an extensive record of criminal activity. See Tenn. Code Ann. § 40-35-115(b)(2). The trial court stated that the Defendant had "continued to engage in the same behavior over and over again" and "just thumbed his nose at the Court and continued to" drink and drive even after being declared a MVHO and having his driving privileges revoked. The Defendant now appeals.

---

[1] The Defendant does not challenge the trial court's denial of alternative sentencing on appeal.

On appeal, the Defendant contends that the trial court abused its discretion in ordering his sentences to be served consecutively. The Defendant argues that his record of criminal activity is not actually extensive because it "consists almost entirely of motor vehicle offenses." The Defendant further argues that the total effective length of his sentences is greater than what is deserved for the offenses he committed. The State responds that the trial court did not abuse its discretion in ordering the Defendant to serve his sentences consecutively.

When reviewing a trial court's imposition of consecutive sentences, "the presumption of reasonableness applies" and gives "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." State v. Pollard, 432 S.W.3d 851, 861 (Tenn. 2013). "Any one of [the] grounds [listed in section 40-35-115(b)] is a sufficient basis for the imposition of consecutive sentences." Id. at 862 (citing State v. Dickson, 413 S.W.3d 735 (Tenn. 2013)).

Here, the trial court concluded that the Defendant was an offender whose record of criminal activity was extensive. See Tenn. Code Ann. § 40-35-115(b). "Extensive criminal history alone will support consecutive sentencing." State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997). Even though the majority of the Defendant's prior convictions are for driving offenses, "they indicate a consistent pattern of operating outside the confines of lawful behavior." Dickson, 413 S.W.3d at 748. The Defendant had eleven prior felony convictions, twelve misdemeanor DUI convictions, twenty-six misdemeanor convictions for driving on a revoked license, and thirteen other misdemeanor convictions. As such, the trial court did not abuse its discretion in determining that the Defendant's record of criminal activity was excessive.

We also reject the Defendant's argument that the total effective length of his sentence is greater than what is deserved for the offenses committed. Prior to this incident, the Defendant was convicted thirty-two times for driving after having his driving privileges revoked in addition to seventeen DUI convictions. The trial court was correct in stating that the Defendant has "continued to engage in the same behavior over and over again" and "just thumbed his nose at" the consequences. The fact that no one was injured on this occasion, or the seventeen other times the Defendant drove while intoxicated, has more to do with providence than with the Defendant's alleged carefulness as a drunk driver. Accordingly, we conclude that the Defendant has not overcome the presumption of reasonableness and that the trial court did not abuse its discretion in imposing consecutive sentences.

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____

D. KELLY THOMAS, JR., JUDGE